# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BLITZSAFE TEXAS, LLC, § § | |
| Plaintiff, § | Case No. 2:17-cv-00418-JRG |
| § § | |
| v. § | **JURY TRIAL DEMANDED** |
| § § | |
| BAYERISCHE MOTOREN WERKE AG, § and BMW OF NORTH AMERICA, LLC, § § | |
| Defendants. § § § | |

## PLAINTIFF BLITZSAFE TEXAS, LLC'S
## OPPOSED MOTION FOR VENUE DISCOVERY

Plaintiff Blitzsafe Texas, LLC ("Blitzsafe") moves for a limited order for discovery into the activities of Defendant BMW of North America, LLC ("BMWNA") in this District that are related to the determination of proper venue. Plaintiff originally requested venue discovery in its Brief in Opposition to BMWNA and Bayerische Motoren Werke AG's ("BMWAG") (collectively, the "BMW Defendants") Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or in the Alternative, to Transfer (the "Opposition"). Dkt. 66 at n. 4. Although the Court denied the BMW Defendants' Motion to Dismiss or Transfer (the "MTD") (Dkt. 90), holding, *inter alia*, that venue is proper over BMWNA in this District, the BMW Defendants filed a Motion for Reconsideration of that Order. Dkt. 9. As the Motion for Reconsideration is pending, venue discovery remains warranted. Further, granting Blitzsafe's motion will not result in any prejudice to the BMW Defendants, as they have been on notice of Blitzsafe's request for venue discovery since October 30, 2017. Dkt. 66 at n. 4. Thus, Blitzsafe requests an Order

permitting it to conduct relevant, narrowly-tailored venue discovery as discussed herein within 60 days of the date of the requested Order.

I. FACTS

A. Blitzsafe's Prior Request for Venue Discovery

On October 16, 2017, BMWNA and its parent company, BMWAG, filed a renewed motion to dismiss this case for lack of personal jurisdiction or improper venue, or in the alternative, to transfer this case to the District of New Jersey (the "MTD"). Dkt. 60. This Court denied that motion on September 5, 2018, holding, *inter alia*, that, under *TC Heartland LLC, v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) and *In re Cray*, 871 F.3d 1355, 2017 WL 4201535, (Fed. Cir. 2017), the BMW dealerships in this District are regular and established place of business of BMWNA due to BMWNA's adoption and ratification of the BMW dealerships in this District as a places of its own, and because a portion of BMWNA's business, including at least the performance of warranty services, is carried out at the BMW dealerships in this District. Dkt. 90 at 12-14, 21-22, n. 13. Thereafter, the BMW Defendants filed a Motion for Reconsideration of the Order denying its MTD Dkt. 94, on which the Court heard oral argument on Tuesday, April 30, 2019.

Blitzsafe previously requested jurisdictional and venue discovery in its Opposition to the BMW Defendants' MTD, "to further elucidate the relationships between BMWNA and the dealerships in this district and the stream of commerce that leads to vehicles being sold in this District." Dkt. 66 at n. 4. Although Blitzsafe's Opposition presented publicly available evidence of BMWNA's activities in this District, it did not have the benefit of documentary discovery or depositions of BMW employees, including those who submitted declarations in support of the BMW Defendants' MTD.

### B. BMWNA's Declarations Regarding its Activities at BMW Dealerships in this District

In support of the BMW Defendants' MTD, BMWNA relied on the declarations of BMWNA employees regarding BMWNA's activities in this District. *See* Dkt. 30-3 (Dec'l of Sherry McCraw); Dkt. 60-2 (Dec'l of Jaime Hernandez); Dkt. 94-1 (Second Dec'l of Jaime Hernandez).

Specifically, Mr. Hernandez stated that "[v]ehicles produced by BMWAG and BMWMC[1] are transferred to BMWNA, and BMWNA distributes the imported and acquired vehicles through independent dealers throughout the United States." Dkt. 60-2 at ¶ 8 (emphasis added). Mr. Hernandez further conceded that BMWNA engages in nationwide marketing and support activities throughout the United States, and that such activities are "consistent throughout the country…." *Id.* at ¶ 11. He also stated that BMWNA has two facilities and 20 employees in Texas, one of whom lives in this District. Dkt. 60-2 at ¶5. Blitzsafe did not have the opportunity to seek discovery on the role of those employees in this District or on the schedule of the training programs, which Mr. Hernandez characterized in a conclusory manner as *not* "continuous or regular." *Id.* Further, while Mr. Hernandez stated that BMWNA employs a "regional field force of 'Technical Service Engineers,' who provide support to dealers," he did not explain how frequently those engineers travel to or support the BMW dealerships in this District. *Id.* at ¶ 12. Mr. Hernandez subsequently submitted another declaration in support of the BMW Defendants' Motion for Reconsideration. Dkt. 94-1. There, he stated that the BMW dealerships, rather than BMWNA, sell vehicles to consumers in this District, but did not

---

[1] "BMWMC" refers to BMW Manufacturing Co., the entity that owns BMW's manufacturing facility in South Carolina. BMWMC was a former defendant in this case, and has recently been served with a third party subpoena.

3

elaborate on the process by which BMWNA provides vehicles to the BMW dealerships in this District, or on the involvement of BMWNA employees in those sales. *Id.* at ¶¶ 4, 7.

## II.  ARGUMENT

In considering similar motions made before discovery has opened, courts have adopted a "good cause" standard to determine whether to permit expedited venue discovery. *Uniloc USA, Inc. v. Apple Inc.*, 2:17-cv-00258-JRG, 2017 WL 3382806, at *2 (E.D. Tex. July 21, 2017); *Seven Networks, LLC v. Google LLC*, 2:17-cv-00442-JRG, Dkt. 107 (E.D. Tex. Dec. 22, 2017). Although discovery is open until June 6, 2019, good cause exists for the Court to issue an order permitting Blitzsafe to seek limited, expedited venue discovery from BMWNA and the four non-party BMW dealerships in this District within 60 days of the date of the requested Order. It was not until oral argument on the Motion to Reconsider the Court's Order denying BMWNA's MTD that it became apparent that such discovery could be necessary. Blitzsafe's requested discovery is narrowly tailored, and there is no prejudice to the BMW Defendants, who have been on notice of Blitzsafe's request since October 2017. Blitzsafe expects that it can complete the requested discovery from BMWNA and each of the four BMW dealerships in this District within 60 days of the date of the requested Order (subject to witness availability), and requests that the Court grant it permission to do so.

### A.  Blitzsafe Requests Narrow, Expedited Venue Discovery

Venue is proper as to BMWNA if there is a "regular and established place of business" in this District that is owned, controlled, established *or* ratified by BMWNA. *In re Cray*, 871 F.3d at 1360. Although the Court has already held that venue is proper over BMWNA in this District under *Cray* because BMWNA has adopted and ratified the BMW dealerships in this District, and a portion of BMWNA's business is carried out at the dealerships Dkt. 90 at 20-22, Blitzsafe

4

seeks additional information into BMWNA's *control* over, and relationship with, the dealerships in this District. Blitzsafe has prepared exemplary document requests and deposition notices to BMWNA, attached as Exhibits A and B, and requests that the Court issue an order requiring BMWNA to respond to these requests on an expedited basis. Blitzsafe has also prepared Third Party Subpoenas seeking documents and testimony from each of the four non-party BMW dealerships in this District (BMW of Beaumont; BMW of Tyler; Classic BMW; and MINI of Plano). Attached as Exhibits C and D are subpoenas to be served on BMW of Tyler, which are exemplary of the subpoenas to be served on each of the four dealerships in this District.

As set forth in Exhibits A-D, Blitzsafe seeks: (1) the contracts that memorialize the relationship between BMWNA and each of the BMW dealerships in this District; (2) the identities, job titles, and roles of the BMWNA employees that visit and/or work with each of the dealerships in this District; (3) the identities, job titles, and roles of any other BMWNA employees that provide support, assistance, or training to the dealerships and/or each of their employees; (4) the details of how BMWNA provisions and pays for warranty service performed at each of the dealerships; (5) the details of how BMWNA supports the BMW dealerships in this District financially, including by subsidizing leases or vehicle financing and providing dealer incentives; (6) any communications between BMWNA and the BMW dealerships in this District within a limited, relevant time period; and (7) depositions of persons with knowledge of the relationship between BMWNA and each of the BMW dealerships in this District.

Such narrowly-tailored discovery is warranted in order to obtain additional information on issues related to venue during the pendency of the BMW Defendants' Motion for Reconsideration, which will assist the Court in reaching a decision on that Motion. Blitzsafe

expects that it can complete all such discovery on expedited basis within 60 days of the date of the requested Order, and as such, requests that the Court grant it permission to do so.

### B. Good Cause Exists to Allow Limited Venue Discovery

Courts typically consider five factors when determining if good cause exists: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-cv-2585-JRG, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017) (citing *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)).  As discussed herein, good cause exists to seek discovery from BMWNA and the four non-party BMW dealerships in this District to obtain additional facts and information relevant to the Court's determination on the BMW Defendants' Motion for Reconsideration within 60 days of the date of the requested Order.

As no preliminary injunction is pending, the first factor is not relevant.  The second factor, the breadth of the discovery requests, favors granting the Motion, as the discovery requests are extremely narrow and focused solely on activities relevant to venue.  The third factor, the purpose of the discovery, also favors granting this Motion because permitting Blitzsafe to seek such discovery will provide the Court with additional facts regarding the business activities of BMWNA at the dealerships in this District, which are relevant to the pending Motion for Reconsideration.  Because the proposed discovery is so narrow, the fourth factor, the burden on the defendant to comply with the requests, is minimal.  BMWNA and the BMW dealerships in this District will likely be able to satisfy the document requests with a handful of documents, and Blitzsafe anticipates that only one or two witnesses from each entity

will be required to testify.  The final factor, how far in advance of the typical discovery process the request was made, also favors Blitzsafe.  Blitzsafe initially requested venue discovery on October 30, 2017, and thus BMWNA has been on notice of such request since that time.  For the same reason, there is no prejudice to either of the BMW Defendants if Blitzsafe's Motion is granted.

Good cause therefore weighs strongly in favor of granting Blitzsafe leave to conduct venue discovery on an expedited basis within 60 days of the date of the requested Order.

### III. CONCLUSION

Venue is proper in this District as to BMWNA.  As good cause exists to grant Blitzsafe's request for narrow venue discovery, and such discovery will further supplement the factual record regarding BMWNA's activities in this District, Blitzsafe's Motion should be granted.

Blitzsafe requests that the Court grant this Motion and issue an Order permitting Blitzsafe to conduct expedited venue discovery in the form of the requests for production, topics of deposition, and third party subpoenas (*see, e.g.*, Exhibits A–D) within 60 days of the date of the requested Order.

Dated: May 3, 2019                                    **BROWN RUDNICK LLP**

                                                       */s/ Alfred R. Fabricant*
                                                       Alfred R. Fabricant
                                                       NY Bar No. 2219392
                                                       Email: afabricant@brownrudnick.com
                                                       Lawrence C. Drucker
                                                       NY Bar No. 2303089
                                                       Email: ldrucker@brownrudnick.com
                                                       Peter Lambrianakos
                                                       NY Bar No. 2894392
                                                       Email: plambrianakos@brownrudnick.com
                                                       Vincent J. Rubino, III
                                                       NY Bar No. 4557435
                                                       Email: vrubino@brownrudnick.com

Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
Sarah G. Hartman
CA Bar No. 281751
Email: shartman@brownrudnick.com
Timothy J. Rousseau
NY Bar No. 4698742
Email: trousseau@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
Danielle A. D'Aquila
New York Bar No. 5098587
Email: DD'Aquila@brownrudnick.com
John A. Rubino
NY Bar No. 5020797
Email: jrubino@brownrudnick.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: 903-923-9000
Facsimile: 903-923-9099

**ATTORNEYS FOR PLAINTIFF
BLITZSAFE TEXAS, LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 3, 2019.

                                                  /s/ *Alfred R. Fabricant*

                                                  Alfred R. Fabricant

## **CERTIFICATE OF CONFERENCE**

The undersigned attorney hereby certifies that counsel for Plaintiff has conferred with counsel for Defendants via e-mail and there is opposition to the relief requested in this motion.

                                         */s/ Jennifer L. Truelove*
                                           Jennifer L. Truelove