# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BLITZSAFE TEXAS, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**BAYERISCHE MOTOREN WERKE AG**<br>**and BMW OF NORTH AMERICA, LLC,**<br><br>Defendants. | Case No. 2:15-cv-00418-JRG<br>(CONSOLIDATED) |

**PLAINTIFF BLITZSAFE TEXAS LLC'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-7)**
**TO BMW OF NORTH AMERICA, LLC**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Blitzsafe Texas LLC hereby requests that Defendant BMW of North America, LLC ("BMWNA") produce the following documents and things in its possession, custody or control, and in accordance with the following definitions and instructions, within fourteen (14) days of the date of service. These requests are continuing in nature and require supplementation in accordance with the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "Blitzsafe" and "Plaintiff" shall mean Blitzsafe Texas, LLC.

2. "BMWNA," "Defendant," "You," and "Your" shall mean BMW of North America, LLC, and shall include, individually or collectively, any and all individuals or entities acting on behalf of or in furtherance of Defendant, and any and all past or present officers,

directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing or partnership relationships with the Defendant in any country.

3. "BMW" or "Defendants" shall mean Bayerische Motoren Werke AG, BMW Manufacturing Co., LLC, and BMW of North America, LLC, and shall include, individually or collectively, any and all individuals or entities acting on behalf of or in furtherance of Defendants, and any and all past or present officers, directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing or partnership relationships with any of the Defendants in any country.

4. "BMW of Tyler" shall mean BMW of Tyler, Mike Pile BMW, and Mike Pile Auto Group, Ltd., located at 2401 W Southwest Loop 323, Tyler, TX 75701, and shall include, individually or collectively, any and all individuals or entities acting on behalf or in furtherance of BMW of Tyler, and any and all past or present officers, directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing or partnership relationships with BMW of Tyler in any country.

5. "BMW of Beaumont" shall mean BMW of Beaumont or the Mike Smith Auto Group located at 1855, I-10, Beaumont, TX  77701, and shall include, individually or collectively, any and all individuals or entities acting on behalf or in furtherance of BMW of Beaumont, and any and all past or present officers, directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing or partnership relationships with BMW of Beaumont in any country.

6. "Classic BMW" shall mean Classic BMW located at 6800 Dallas Pkwy, Plano, TX  75024, and shall include, individually or collectively, any and all individuals or entities acting on behalf or in furtherance of Classic BMW, and any and all past or present officers,

directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing or partnership relationships with Classic BMW in any country.

7. "MINI of Plano" shall mean MINI of Plano located at 1645 Dallas Pkwy, Plano, TX 75093, and shall include and shall include, individually or collectively, any and all individuals or entities acting on behalf or in furtherance of MINI of Plano, and any and all past or present officers, directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing or partnership relationships with MINI of Plano in any country.

8. "Action" shall mean *Blitzsafe Texas, LLC vs. Bayerische Motoren Werke AG, BMW Manufacturing Co., LLC, and BMW of North America, LLC*, Case No. 2:17-CV-00418-JRG (E.D. Tex.) and the consolidated lead case *Blitzsafe Texas, LLC v. Mitsubishi Electric Corp., et al.*, No. 2:17-cv-00430-JRG (E.D. Tex.).

9. "Communication(s)" shall mean, including its usual and customary meaning, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral, or other means, including but not limited to, electronic communications and electronic mail.

10. "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include within its meaning any and all papers, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check

stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes the information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail. Moreover, the term "document" shall also include all "technical documents," such as source code, specifications, schematics, flow charts, artwork, drawing, pictures, pictorial representations, formulas, troubleshooting guides, service bulletins, technical bulletins, production specification sheets, white papers, operator manuals, operation manuals and instruction manuals.

11.     "Thing(s)" refers to any physical specimen or tangible item, including research and development models, samples, prototypes, and the like.

12.     "Person(s)" refers to all natural persons and all types and kinds of business or other entities, including but not limited to corporations, limited liability companies, partnerships, joint ventures, associations, sole proprietorships, government bodies, and government agencies. Any reference to an individual person, either singularly or as part of a defined group, includes that person's employees, agents, legal and non-legal representatives, heirs, successors, assigns, and any other person or entity acting on behalf of such individual person.  Any reference to a corporation or any other entity also refers to and includes any and all parents, subsidiaries, predecessors, successors, affiliates, partners, join venturers, agents, employees, representatives, accountants, investment bankers, consultants or attorneys acting on behalf of the corporation or

other entity. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

13. "Patent Laws" shall refer to Title 35 of the United States Code.

14. "Infringe" or any variation thereof, including "infringing," "infringement," and "infringer" shall refer to the commission of any act constituting infringement under the Patent Laws, including but not limited to 35 U.S.C. § 271 and "infringement" means direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement by the doctrine of equivalents.

15. "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

16. "Identify" shall mean to state the following: (1) when referring to a person, the person's full name, present or last known address, and the last known title and place of employment; (2) when referring to a business, legal, or governmental entity or association, the name of the entity or association, and the address of its main office; (3) when referring to a fact, the fact and the identity of the documentary or testimonial support for that fact; (4) when referring to a product or thing, the title or model name/number, any code name, project name or other name by which it has been referred, and a general description of the product or thing; (5) when referring to a written communication, the identity of the document(s) in which the communication was made; (6) when referring to an oral communication, the identity of all persons participating in the communication; (7) when referring to non-patent documents, the Bates number, type of document, its general nature and subject matter, date of creation, and all author(s), addressee(s) and recipient(s); and (8) when referring to patent documents, the country,

patent and/or application number, dates of filing, publication and grant, and the names of the patentees or applicants.

17. "Describe" shall mean, in addition to its usual and customary meaning, to identify all persons with knowledge of the information sought in the interrogatory and to identify all documents referring, regarding or relating to the information sought in the interrogatory.

18. The terms "relate to," "reflecting," "relating to," or "concerning" or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate.

19. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each interrogatory all responses that might otherwise be construed outside the scope.

20. "Any" shall include "all" and "All" shall include "any."

21. The term "including" shall mean including without limitation.

22. The use of the singular form of any word includes the plural and vice versa.

23. The use of any tense of any word includes all other tenses.

24. Definitions or usages of words or phrases in these Requests are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Plaintiff in this or in any other proceeding.

25. Definitions or usages of words or phrases in these Requests are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Plaintiff in this or in any other proceeding.

## INSTRUCTIONS

1. If any document request is deemed to call for disclosure of proprietary or other confidential data, Plaintiff's counsel is prepared to receive such data pursuant to the Protective Order (Dkt. 97), which has been entered in this case, attached as Exhibit A hereto. Plaintiff's counsel is prepared to inspect any confidential source code pursuant to Paragraph 10 of the Protective Order (Dkt. 97), attached as Exhibit A hereto.

2. If any information requested herein is withheld on the basis of a claim of privilege or subject to protection as material prepared in anticipation of litigation or trial, then, pursuant to Federal Rule of Civil Procedure 45(e)(2)(A), that claim shall be made expressly in a writing that describes the nature of the Documents, Communications, or Things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection. With regard to each claim of privilege or protection, the following information shall be provided in the response or the objection:

    (a) the type of Document, e.g., letter or memorandum;

    (b) general subject matter of the Document;

    (c) the date of the Document; and

    (d) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author, addressee, and any other recipient of the Document, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other.

3. If any Document or Thing identified herein has been lost, discarded, or destroyed, each such Document or Thing shall be identified as completely as possible, including as to each such Document or Thing, its date, general nature (*e.g.*, letter, memorandum, telegram, telex,

photograph, computer printout), subject matter, each author or originator, each person indicated as an addressee or copy recipient, and its former custodian(s).  In addition, as to each such Document or Thing, the following information shall be supplied:

    (a)  date of disposal, loss, or destruction;

    (b)  manner of disposal, loss, or destruction;

    (c)  reason for disposal or destruction, or any explanation of loss;

    (d)  persons authorizing the disposal or destruction;

    (e)  persons having knowledge of the disposal, destruction, or loss; and

    (f)  persons who destroyed, lost, or disposed or the Document or Thing.

    4.    Pursuant to Federal Rule of Civil Procedure 45(e)(1), responsive Documents and Things shall be produced as they are kept in the ordinary course of business, or shall be organized and labeled to correspond with the following requests for production.  If there are no Documents or Things responsive to any particular discovery request, You should so state in writing rather than leave the request unanswered.

    5.    You shall produce the original and each non-identical copy of each Document or Thing requested herein which is Your possession, custody, or control.  If the original is not in Your possession, custody, or control, the most full, clear, and legible copy thereof is to be produced.

    6.    If a request is silent as to the time period for which production of Documents or Things is sought, production shall be made of all Documents originated in whole or in part and all Things within Your possession, custody, or control from February 2009 through the date of production.

7. Documents shall be produced in the same file or other organizational environment in which they are maintained in the ordinary course of business. For example, Documents that are part of a file, docket, or grouping, shall be produced in the same order or manner of arrangement as the original file, docket, or grouping. Additionally, each Document should be produced stapled, clipped, or otherwise bound or connected in the same manner as the original. The source(s), original custodian, and/or derivation of each Document shall be specifically identified.

8. Each Document or Thing requested shall be produced in its entirety, including, without limitation attachments, enclosures, cover letters, memoranda, and appendices. If a Document or Thing responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

9. Color copies of Documents are to be produced where color is necessary to interpret or understand the contents.

10. These Requests are continuing in nature and encompass all information that is in the possession, custody, or control of Defendant at the present time or that comes into the possession, custody, or control of Defendant at any time while the this Action is pending. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant must provide any additional Documents and Things that may hereafter be obtained by Defendant or any person acting on Defendant's behalf.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All current and former agreements between BMWNA and any current or former BMW dealership located in this District, including, but not limited to: BMW of Tyler BMW of Beaumont, Classic BMW, and MINI of Plano.

**DOCUMENT REQUEST NO. 2:**

All Documents and Things related to the use of any registered trademarks owned by BMWNA or Defendants by BMW dealerships located in this District including, but not limited to: BMW of Tyler, BMW of Beaumont, Classic BMW, and MINI of Plano.

**DOCUMENT REQUEST NO. 3:**

All Documents and Things related to the provision and payment of warranty services performed at BMW dealerships located in this District including, but not limited to: BMW of Tyler, BMW of Beaumont, Classic BMW, and MINI of Plano.

**DOCUMENT REQUEST NO. 4:**

All Documents and Things related to the relationship, between any BMW Entity (including but not limited to BMW Financial Services) and BMW dealerships located in this district including, but not limited to: BMW of Tyler, BMW of Beaumont, Classic BMW, and MINI of Plano regarding vehicle leasing, financing, and/or dealer incentives.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to Identify the names, titles, and job responsibilities of all BMWNA employees who have ever visited BMW dealerships located in this District including, but not limited to: BMW of Tyler, BMW of Beaumont, Classic BMW, and MINI of Plano.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to Identify the names, titles, and job responsibilities of all individuals that provide support or training, or any employee of BMW dealerships located in this District including, but not limited to: BMW of Tyler, BMW of Beaumont, Classic BMW, and MINI of Plano.

**DOCUMENT REQUEST NO. 7:**

All Communications, including e-mail, from January 2016 to present between BMWNA and BMW dealerships and employees thereof located in this District including, but not limited to: BMW of Tyler, BMW of Beaumont, Classic BMW, and MINI of Plano.

Dated: May 3, 2019

**BROWN RUDNICK LLP**

  /s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Lawrence C. Drucker
NY Bar No. 2303089
Email: ldrucker@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
Timothy J. Rousseau
NY Bar No. 4698742
Email: trousseau@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
Sarah G. Hartman
CA Bar No. 281751

Email:  shartman@brownrudnick.com
John A. Rubino
NY Bar No. 5020797
Email: jrubino@brownrudnick.com
Danielle A. D'Aquila
NY Bar No. 5098587
Email:  DD'Aquila@brownrudnick.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 East Houston Street, Suite 300 Marshall, Texas 75670
Telephone: 903-923-9000
Facsimile: 903-923-9099

**ATTORNEYS FOR PLAINTIFF,
BLITZSAFE TEXAS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, a true and correct copy of the above and foregoing document has been served by email on:

Lionel M. Lavenue
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

R. Benjamin Cassady
r.benjamin.cassady@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413

Kai Rajan
kai.rajan@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413

*Attorneys for Bayerische Motoren Werke AG and BMW of North America, LLC*

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant