UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BLITZSAFE TEXAS, LLC, § § § Plaintiff, § § v. § § BAYERISCHE MOTOREN WERKE AG, § and BMW OF NORTH AMERICA, LLC, § § Defendants. § § | Case No. 2:17-cv-00418-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF BLITZSAFE TEXAS, LLC'S
REPLY IN SUPPORT OF MOTION FOR VENUE DISCOVERY**

Plaintiff Blitzsafe Texas, LLC's ("Blitzsafe") Motion (Dkt. 115) demonstrated that Blitzsafe's request for venue discovery, initially asserted on October 30, 2017 in connection with Blitzsafe's Opposition to BMW of North America, LLC ("BMWNA") and Bayerische Motoren Werke AG's ("BMWAG") (collectively, the "BMW Defendants") Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or in the Alternative, to Transfer ("Motion to Dismiss") (*see* Dkt. 60 at 19), should be granted in order to permit Blitzsafe and the Court to obtain additional facts and information regarding the relationship between BMWNA and the four BMW and MINI dealerships in this District, which are relevant to the BMW Defendants' pending Motion for Reconsideration (Dkt. 94). BMWNA's Opposition fails to show otherwise. Blitzsafe seeks this discovery in order to present a full record to the Court in deciding the Motion for Reconsideration. BMWNA uses its Opposition as a vehicle to *reargue* the same arguments asserted in its Motion for Reconsideration and Motion to Dismiss that have already been expressly rejected by this Court, and to submit a second improper declaration purportedly

responding to questions raised by the Court at the April 30, 2019 hearing on that Motion (Dkt. 117 at 3-12, Dkt. 117-3 – 117-5), despite no responsive briefing being requested or permitted. This is improper, and BMWNA's Opposition should be disregarded and the accompanying declaration should be stricken from the record.

    **A. GOOD CAUSE EXISTS TO GRANT BLITZSAFE'S REQUEST FOR LIMITED VENUE DISCOVERY**

Blitzsafe has shown that good cause exists to grant its request for venue discovery. Dkt. 115 at 6-7. Blitzsafe agrees with this Court's well-reasoned decision that venue is proper over BMWNA for at least two independent reasons, including because BMWNA "names and ratifies the BMW centers as places of business," and "pays for and supervises new car warranty services on BMWNA products at the dealerships in this district." Dkt. 90 at 20-21. However, in light of BMWNA's pending Motion for Reconsideration of the Court's Order denying the Motion to Dismiss, discovery into the relationships between BMWNA and the four BMW and MINI dealerships in this District is relevant and warranted.

To date, BMWNA has not produced *any* documents regarding the relationship between BMWNA and the four dealerships in this District, yet BMWNA's counsel has made arguments and conclusions regarding those relationships (*see* Hr'g Tr. at 10:11-13, Apr. 30, 2019), and submitted two expert declarations (both of which are improper) that express opinions admittedly based on information contained in such documents. Dkt. 117 at n.3; Dkt. 117-1. Accordingly, Blitzsafe should be entitled to seek venue discovery regarding those relationships, and specifically, discovery of the specific categories of information set forth in Blitzsafe's Motion and in the accompanying exhibits (Dkts. 115-1 – 115-4). Such discovery is not only warranted, but necessary to determine the veracity of BMWNA's representations regarding those relationships, and to permit Blitzsafe to review the materials upon which BMW's expert relied

upon in forming his opinions set forth in the two improperly-submitted declarations. Dkts. 94-7, 117-3.

BMWNA has shown that the good cause factors support the Court granting its request for limited venue discovery. Specifically, (1) there is no preliminary injunction pending; (2) the discovery requests are narrowly tailored and focus on activities relevant to venue; (3) such discovery will provide the Court with additional facts regarding BMWNA's business activities and relationships with the dealerships in this District, which is relevant to the pending Motion for Reconsideration; (4) the burden on BMWNA is minimal; and (5) BMWNA has been on notice of Blitzsafe's request for venue discovery since at least October 30, 2017.  Dkt. 115 at 6-7. BMWNA does not address any of the good cause factors, or provide any basis to rebut Blitzsafe's showing of good cause. *See* Dkt. 117. Accordingly, good cause exists to grant Blitzsafe's request for narrow venue discovery. *See Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-cv-00170-RWS, 2017 WL 8294020, at *1-*2 (E.D. Tex. Nov. 28, 2017) (granting venue discovery where discovery would help inform the Court's decision on venue); *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 953-954 (E.D. Tex. 2018) (noting that permitting targeted venue discovery of documents regarding relationship between defendant and ISPs in the District provided the Court with a more complete picture of the underlying venue facts prior to reaching its venue decision).

### B. BMWNA'S ARGUMENTS IN OPPOSITION ARE UNAVAILING

BMWNA's Opposition argues that Blitzsafe's request for venue discovery should be denied because a finding of proper venue is "futile." Dkt. 117 at 3-9. Considering that the Court has already determined that venue is proper for multiple independent reasons, BMWNA's position is unpersuasive. Moreover, this Court has already rejected BMWNA's specific

arguments regarding the Tex. Occ. Code (*see* Dkt. 90), and the reasons BMWNA repeatedly asserts as to why it disagrees with the Court's well-reasoned venue decision. Nevertheless, BMWNA's counsel's arguments at the April 30, 2019 hearing on its Motion for Reconsideration raises factual issues regarding BMWNA's relationships with the dealerships in this District, and Blitzsafe should therefore be entitled to obtain discovery into those relationships during the pendency of BMWNA's Motion for Reconsideration. The numerous cases cited by BMWNA (Dkt. 117 at n.12) are irrelevant to Blitzsafe's request for venue discovery, and have also already been distinguished as irrelevant to the ultimate issue of venue. Dkt. 66 at 16-19; Dkt. 75 at 5-8; Dkt. 90 at n. 15; Dkt. 95 at 3-6; Dkt. 107; Dkt. 109.

Blitzsafe did not improperly delay in seeking venue discovery. Dkt. 117 at 1-3. Blitzsafe requested venue discovery as early as *October 30, 2017* in its Opposition to the BMW Defendants' Motion to Dismiss, and again in its Sur-Reply. Dkt. 66 at n. 4; Dkt. 75 at 9. The Court's determination that venue was proper mooted the need for venue discovery. It was not until the April 30, 2019 hearing that it became apparent that additional details regarding the relationship between BMWNA and the dealerships could aid the Court in reaching determination on the Motion for Reconsideration.[1]

Finally, BMWNA's Opposition should be rejected as an improper attempt to *reargue* the same arguments asserted in both the Motion to Dismiss (*See e.g.*, Dkt. 60 at 19; Dkt. 69 at 2-4) and the Motion for Reconsideration (Dkt. 94 at 8-13; Dkt. 98 at 2-3), and for introducing new

---

[1] Additionally, the cases relied on by BMWNA to argue that venue discovery is not warranted are unavailing. *See Chicky Tackle, LLC v. Vallentine*, No. 6:18-cv-00063-RWS, 2018 WL 4286186, at *6 (E.D. Tex. Sept. 7, 2018) (denying venue discovery where defendant sought discovery for a common-law fraud cause of action where neither Defendant resides in Texas and none of the conduct giving rise to plaintiff's claims arose in the district, and Court held discovery would not cure these defects); *CUPP Cybersecurity LLC v. Symantec Corp.*, No. 3:18-cv-01554-M, 2019 WL 1070869, at *3-*6 (N.D. Tex. Jan. 16, 2019) (denying venue discovery where it was clear discovery would not inform any of the issues in dispute). *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-cv-00517-JRG, 2018 WL 4854023, at n. 3 (E.D. Tex. Sept. 28, 2018) (denying venue discovery on the grounds granting such discovery would amount to a "do over," as plaintiff's request lacked specificity and was not narrowly drawn).

evidence to support those same arguments by responding to the Court's statements made at the April 30, 2019 hearing, to which no responsive briefing was permitted. (Dkt. 117 at 3-12, Dkt. 117-3-117-5). A response to a Motion for Venue Discovery is not the proper avenue through which BMWNA may reargue its Motion for Reconsideration, or submit a new expert declaration intended to support its arguments in that Motion. *See* Dkt. 117 at n. 3; *see also* Dkt. 117 at 5-9. This type of repeated gamesmanship should not be permitted, and Blitzsafe respectfully requests that the Court disregard BMWNA's Opposition brief and strike the Herring Declaration from the record. Dkt. 95 at 8.

    Accordingly, good cause exists to grant Blitzsafe's request for narrow venue discovery, and BMWNA has failed to rebut that showing. Thus, Blitzsafe's Motion should be granted, and Blitzsafe should be permitted to conduct expedited venue discovery in the form of the requests for production, topics of deposition, and third party subpoenas (*see, e.g.*, Dkts. 115-1 -115-4) within 60 days of the date of the requested Order.

Dated: May 17, 2019            **BROWN RUDNICK LLP**

                                       */s/ Alfred R. Fabricant*

Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Lawrence C. Drucker
NY Bar No. 2303089
Email: ldrucker@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@brownrudnick.com
Alessandra C. Messing

NY Bar No. 5040019
Email: amessing@brownrudnick.com
Sarah G. Hartman
CA Bar No. 281751
Email: shartman@brownrudnick.com
Timothy J. Rousseau
NY Bar No. 4698742
Email: trousseau@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
Danielle A. D'Aquila
NY Bar No. 5098587
Email: DD'Aquila@brownrudnick.com
John A. Rubino
NY Bar No. 5020797
Email: jrubino@brownrudnick.com
Daniel J.  Shea
NY Bar No. 5430558
Email: dshea@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: 903-923-9000
Facsimile: 903-923-9099

**ATTORNEYS FOR PLAINTIFF
BLITZSAFE TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 17th day of May 2019.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant